UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-60124-CR-SMITH

UNITED STATES OF AMERICA

vs.

HAYDEE RIVERO,
f/k/a "Haydee Granados,"

Defendant.
_____/

## FACTUAL PROFFER

The United States of America and HAYDEE RIVERO, f/k/a Haydee Granados, (hereinafter, "Defendant") hereby stipulate and agree that, were this case to proceed to trial, the United States would prove beyond a reasonable doubt the following facts, among others, which occurred in Broward County, in the Southern District of Florida, and elsewhere, at all times material to the Information:

**Background**

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic. One source of relief that the CARES Act provided was the Paycheck Protection Program ("PPP"), which authorized forgivable loans to small businesses for job retention and certain other expenses.

2. Individuals who were self-employed or operated a business under a "sole proprietorship" business structure could qualify for a PPP loan if their business satisfied the eligibility regulations promulgated by the U.S. Small Business Administration (SBA). To qualify

1

for such a PPP loan, individuals had to report and document their income and expenses. Sole proprietorships typically report their income and expenses yearly to the IRS on a "Form 1040, Schedule C." As with other PPP loans, this information and supporting documentation was used by the SBA and its lenders to calculate the amount of money the individual was entitled to receive under the PPP. The maximum PPP loan amount for a sole proprietor with no other employees was $20,833.

3.      SBA required that information provided in the PPP loan application, and the information provided in all supporting documents and forms, to be true and in all material respects. The SBA and its lenders required the borrower to certify that all such information was true.

**Co-Conspirators and Relevant Entities**

4.      Co-Conspirator Carolyn Wade was a resident of Broward County, Florida, and employed as a Deputy Sheriff by the Broward County Sheriff's Office.

5.      Co-Conspirator Tracy Wade was a resident of Broward County, Florida, and employed as a Deputy Sheriff by the Broward County Sheriff's Office.

6.      Harvest Small Business Finance, LLC ("Harvest") was a participating lender in the PPP, and was located in California.

7.      Oto Analytics, Inc. dba Womply ("Womply") was a third-party service provider that processed PPP loan applications for Harvest, among other participating PPP lenders, and was located in California.

**The Purpose of the Conspiracy**

8.      From in or around April 2021, and continuing through in or around August 2021, Defendant agreed with Carolyn Wade, Tracy Wade, and others, to try to accomplish a shared and unlawful plan, that is, to obtain PPP loans from the SBA and its lenders based on materially false

and fraudulent information. The unlawful purpose of the plan was for Defendant, Carolyn Wade, Tracy Wade, and others, to unlawfully enrich themselves. Defendant knew the unlawful purpose of the plan and willfully joined in it.

**The Manner and Means of the Conspiracy**

9. To accomplish the conspiracy's purpose of fraudulently obtaining PPP loans, Defendant created and prepared false and fictious tax documents for her co-conspirators, including Carolyn Wade, Tracy Wade, and others. Specifically, at the direction and with the knowledge of her co-conspirators, including Carolyn Wade and Tracy Wade, Defendant created and prepared false and fictitious IRS Schedule C forms for PPP loan applications of Carolyn Wade, Tracy Wade, and others. Defendant fabricated the information in the IRS Schedule C forms for her co-conspirators, including Carolyn Wade and Tracy Wade, by populating blank IRS Schedule C forms with made-up numbers for purported income and expenses. Carolyn Wade and Tracy Wade never supplied Defendant with any of their actual tax information.

10. After Defendant had created the fictious IRS Schedule C forms for her co-conspirators, including for Carolyn Wade and Tracy Wade, Defendant logged in to her co-conspirators' respective PPP application accounts on Womply's website to upload the fictitious IRS Schedule C forms. To log in to those accounts for that purpose, Defendant used one-time, short-lived passcodes that her co-conspirators, including Carolyn Wade and Tracy Wade, provided to Defendant. Once logged in with the passcode supplied by her co-conspirators, Defendant uploaded the fictitious IRS Schedule C forms she had created and manually typed in fake income information represented on the fictious forms.

11. After Defendant uploaded the fictitious IRS Schedule C forms, and typed in the fictitious income information, Defendant's co-conspirators, including Carolyn Wade and Tracy

Wade, themselves logged in to their respective PPP application accounts and completed the PPP application process. After the PPP loan application process was completed, Womply sent the borrower of record, via email through DocuSign, a completed SBA Form 2843-C PPP Borrower Application, for the borrower to certify that the information provided in the application and in all supporting documents and forms was true and accurate in all material respects, and to electronically sign the SBA Form 2483-C PPP Application via DocuSign. The completed SBA Form 2483-C PPP Borrower Application that Womply sent to Defendant's co-conspirators, including Carolyn Wade and Tracy Wade, included the fictitious gross income information that Defendant had fabricated and submitted on the IRS Schedule C Form. Defendant did not certify and did not sign any PPP application (on SBA Form 2483-C or otherwise) via DocuSign for Carolyn Wade or Tracy Wade.

**Overt Acts Related to Tracy Wade's PPP Application**

12. With respect to that certain PPP loan application for Tracy Wade assigned ID "bdcd28a5-a9d0-4141-ba64-ad5ca515cb8b" (the "Tracy Wade PPP Application"), Defendant, acting at the direction and with the knowledge of Tracy Wade, created a false and fictious IRS Schedule C, purportedly for the tax year 2019 (the "False Tracy Wade Schedule C"). The False Tracy Wade Schedule C falsely represented, among other things, that the principal business or profession (in line "A") was "Tracy D Wade" and that the gross income (in line "7") was "$112,430."

13. On May 6, 2021, Defendant, acting at the direction and with the knowledge of Tracy Wade, logged in to the Tracy Wade PPP Application Loan account on Womply's website using a one-time, short-lived passcode that Womply sent to Tracy Wade. Once logged in, Defendant uploaded a copy of the False Tracy Wade Schedule C and inputted false tax information

from the False Tracy Wade Schedule C.

14. On or about May 18, 2021, May 19, 2021, and May 27, 2021, Tracy Wade certified as true and signed, via DocuSign, an SBA Form 2483-C PPP Borrower Application that included the false gross income figure of "112,430" from line 7 of the False Tracy Wade Schedule C created by Defendant.

15. On June 3, 2021, Defendant received $1,000 from Tracy Wade, via Zelle transfer, which was a payment for Defendant creating and submitting the False Tracy Wade Schedule C for the Tracy Wade PPP Application.

**Overt Acts Related to Carolyn Wade's PPP Application**

16. With respect to that certain PPP loan application for Carolyn Wade assigned ID number "72d63c08-df04-4a1e-a649-c6cf086adfb7" (the "Carolyn Wade PPP Application"), Defendant, acting at the direction and with the knowledge of Tracy Wade and Carolyn Wade, created a false and fictious IRS Schedule C, purportedly for the tax year 2019 (the "False Carolyn Wade Schedule C"). The False Carolyn Wade Schedule C falsely represented, among other things, that the principal business or profession (in line "A") was "Carolyn Wade" and that the gross income (in line "7") was "$113,560."

17. On May 13, 2021, Defendant, acting at the direction and with the knowledge of Tracy Wade and Carolyn Wade, logged in to the Carolyn Wade PPP Application Loan account on Womply's website using a one-time, short-lived passcode that Womply had sent to Carolyn Wade. Once logged in, Defendant uploaded a copy of the False Carolyn Wade Schedule C and inputted false tax information from the False Carolyn Wade Schedule C.

18. On or about May 18, 2021 and May 28, 2021, Carolyn Wade certified as true and signed, via DocuSign, an SBA Form 2483-C PPP Borrower Application that included the false

gross income figure of "113,560" from line 7 of the False Carolyn Wade Schedule C created by Defendant.

19. On June 7, 2021, Defendant received $1,000 from Carolyn Wade, via Zelle transfer, which was a payment for Defendant creating and submitting the False Carolyn Wade Schedule C for the Carolyn Wade PPP Application.

* * *

20. The United States and Defendant agree that these facts, which do not include all facts known to the United States and Defendant, are sufficient to prove beyond a reasonable doubt the elements of conspiracy to commit offenses against the United States, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and making false statements to the SBA, in violation of Title 15, United States Code, Section 645(a), and that Defendant is in fact guilty of that offense as charged the Information, that is, Title 18, United States Code, Section 371.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 9/20/24   By: _____
For: DAVID A. SNIDER
ASSISTANT UNITED STATES ATTORNEY

Date: 9/20/24   _____
FRANK SCHWARTZ, ESQ.
ATTORNEYS FOR DEFENDANT

Date: 9/20/24   _____
HAYDEE RIVERO, f/k/a Haydee Granados
DEFENDANT